■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEWART WINSTON, Appellant. — Judgment unanimously modified in accordance with memorandum, and, as modified, affirmed and defendant remanded to Monroe County Court for resentencing. Memorandum: On conviction after trial for several counts of criminal possession of stolen property (Penal Law, §§ 165.50, 165.45) defendant received a sentence of one year, along with the requirement

that he make restitution in the sum of $9,341. This was error. The activities for which defendant was convicted occurred between 1977 and 1979. Section 65.10 (subd 2, par [f]) of the Penal Law effective at that time provided that "[w]hen imposing a sentence of probation * * * the court may, as a condition of the sentence, require that the defendant * * * (f) Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof and the manner of performance". Effective September 1, 1980, the sentencing court is authorized to require restitution "[i]n addition to" any other disposition authorized by the Penal Law (Penal Law, § 60.27, subd 1). Thus, the new statute authorizes imposition of a harsher sentence than was permitted under the prior law. It is well settled that where a criminal statute increases the punishment for previously committed crimes, the statute may not be applied retroactively (see *People v Lynch,* 85 AD2d 126, 132, citing US Const, art I, § 10; *People v Oliver,* 1 NY2d 152, 158). The sentence imposed on defendant was invalid and must be vacated. We have examined defendant's other arguments and find them to be without merit. (Appeal from judgment of Monroe County Court, Celli, J. — criminal possession of stolen property, first degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.