■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RALSTON, Appellant.—Judgment, insofar as it imposes sentence, unanimously reversed, on the law, and otherwise judgment affirmed and defendant remanded to Supreme Court, Erie County, for resentencing, in accordance with the following memorandum: Defendants appeal from convictions of multiple counts of first degree scheme to defraud (Penal Law § 190.65) and second degree grand larceny (Penal Law § 155.35) arising from their involvement in fraudulent home

improvement and investment schemes. Defendants contend that the indictments charging them as accomplices in the crimes varied from the prosecution's proof offered at trial and the court's charge to the jury. We disagree.

One of the purposes of an indictment is to prevent the court or prosecutor from usurping the Grand Jury's power by ensuring "that the crime for which the defendant is brought to trial is in fact [the] one for which he was indicted by the Grand Jury" (*People v Iannone*, 45 NY2d 589, 594, quoted in *People v Spann*, 56 NY2d 469, 472). Here, Attila Puskas, the principal witness for the prosecution, who was not named in the indictments, testified to the role each individual played in the home improvement scam. According to Puskas, Stryzyz obtained the city contracting license, doing business as Rich Home Improvements, and agreed to permit Puskas to indorse checks received from customers. In return, Stryzyz was to receive 10% of the profits on each job. After customers were solicited via the telephone, Puskas acted as a "lead man". While making minor repairs, he would create or fabricate more serious problems in the customer's home. He would then subcontract the job to Ralston. Once on the job, Ralston would create more problems, thus generating more work. Puskas and Ralston split the proceeds from these jobs and from investment schemes perpetrated by Puskas and other Rich Home Improvement employees.

In light of this testimony, we find that the prosecution presented sufficient proof of defendants' involvement in the scheme and did not, as defendants claim, merely attempt to hold them responsible for Puskas' criminal conduct. It was not necessary for the indictment to specify whether defendants were abettors or principals (*cf. People v Bliven*, 112 NY 79; *People v Liccione*, 63 AD2d 305, 312-313, *affd* 50 NY2d 850). Neither do we find that the court's instructions to the jury varied from the charges in the indictment (*see, People v Charles*, 61 NY2d 321).

Since defendants' criminal conduct occurred in 1977-1978, when Penal Law § 65.10 (2) (f) was in effect, the sentences which imposed terms of incarceration and required defendants to make restitution are, however, invalid (*see, People v Winston*, 92 AD2d 740). The law as it then existed stated that the court could require defendants to "[m]ake restitution of the fruits of his offense or make reparation, in an amount he [could] afford to pay, for the loss or damage caused thereby" (Penal Law § 65.10 [2] [f]). We have examined defendants' remaining contentions and find them to be meritless. (Appeal

from judgment of Supreme Court, Erie County, Ostrowski, J. —grand larceny, second degree, and other offenses.) Present— Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.