■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER CATAPANO, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: The hearing officer complied with 7 NYCRR 254.5 (b) in determining that petitioner's witnesses should testify out of his presence (see, People ex rel. Bradley v Smith, 115 AD2d 225). We find no error in the refusal to interview Mr. Folkes, a Commission monitor, as a witness. The Commission's policy that its monitors should remain neutral and not testify at disciplinary proceedings is reasonable and consistent with the orderly administration of a correctional institution. (Appeal from judgment of Supreme Court, Wyoming County, Broughton, J.—habeas corpus.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FLOYD, Also Known as DWAYNE HARRIS, Appellant.— Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that the court erred in failing to charge accessorial liability (Penal Law § 20.00). The indictment, the evidence and the court's instruction to the jury made abundantly clear that defendant was charged as a principal. In any event, if the evidence and jury instructions are to the effect that defendant is principal, that fact does not constitute a variance from an indictment charging him as an accomplice, or vice versa (see, People v Duncan, 46 NY2d 74, 79-80, cert denied 442 US 910; People v Katz, 209 NY 311, 325-326; People v Ralston, 112 AD2d 758; People v Lewis, 105 AD2d 758). All that is required of an indictment is that it provide a defendant with fair notice of the charges against him. Such notice is given by an indictment which simply charges the defendant with a specified Penal Law violation whether the prosecution's theory is that defendant is a principal or an abettor (see, People v Liccione, 63 AD2d 305, 312-313, affd 50 NY2d 850). Defendant's other issues are similarly lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Sedita, J.—robbery, first degree, and other offenses.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.