◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY COLLIN WARNER, Also Known as COLLINS HILLARY WARNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered June 17, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although separately indicted, the defendant and one Norman Simmons were tried jointly on charges of murder in the second degree (intentional murder) and criminal possession of a weapon in the second degree. Their first trial resulted in a partial verdict with respect to the defendant, the jury acquitting him on the weapon possession charge but being unable to reach a unanimous verdict on the murder charge; mistrial was declared. The jury was unable to reach a verdict on either count with respect to the codefendant Simmons. Following their second trial, both the defendant and Simmons were convicted of intentional murder.

On his appeal from the judgment of conviction rendered upon the jury's verdict, the defendant contends that the second trial was barred under the doctrine of collateral estoppel *(see, Ashe v Swenson,* 397 US 436) and by CPL 310.70 (2) (a), which prohibits retrial after the rendition of a partial verdict on any offense which the jury was unable to agree, where a conviction on that offense would be inconsistent with the verdict actually rendered on any other offense. Specifi-

cally, the defendant argues that his acquittal on the weapon possession charge was an acquittal of liability both as a principal and as an accessory to the codefendant Simmons, thereby barring his retrial on the charge of murder in the shooting death of the deceased Mario Hamilton. This contention is without merit.

Contrary to the defendant's assertions, in acquitting the defendant of criminal possession of a weapon in the second degree, the jury determined his innocence only as a principal. It did not determine his liability as an accomplice to the codefendant Simmons because it was unable to reach a verdict with respect to Simmons. Thus, the defendant could properly be retried and convicted of second degree murder on the theory that, while he himself was not the shooter, he acted in concert with his codefendant in shooting the deceased. Relitigation of the murder charge was, therefore, not barred by either collateral estoppel or by CPL 310.70.

Also without merit is the defendant's claim that the evidence adduced at the second trial was insufficient to support a finding that he intended to cause the death of Mario Hamilton. While the evidence was far from overwhelming, it was not unreasonable for the jury to conclude that the defendant acted with intent to kill the deceased. The evidence, when viewed in the light most favorable to the People (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), clearly established that the codefendant Simmons had a prior intent to kill Hamilton. The evidence further established that the defendant drove Simmons to a place where Hamilton could be found, and that Simmons then shot Hamilton in the head. The defendant stopped the car and waited while Simmons examined the body, and then they both drove away. Under these facts, the defendant's conviction of second degree murder was fully supported by the evidence (see, People v Jackson, 44 NY2d 935; People v Pippins, 107 AD2d 826).

In addition, the trial court did not impermissibly amend the indictment charging the defendant as a principal when it instructed the jury that he could be convicted if it were found that he acted in concert with Simmons (see, People v Lewis, 105 AD2d 758; cf. People v Katz, 209 NY 311; People v Valerio, 64 AD2d 516).

Finally, the trial court's prompt intercession minimized any prejudicial effect which may have resulted from the prosecutor's reference during summation to "uncontroverted testimony" (see, People v Blackshear, 112 AD2d 1044). There being

no showing of substantial prejudice, the defendant's motion for a mistrial based on prosecutorial misconduct was properly denied *(see, People v Galloway,* 54 NY2d 396). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.