■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ MARINA CAMACHO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 11, 1983, convicting her of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, conspiracy in the second degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered, that the judgment is affirmed.

The defendant's guilt was proven beyond a reasonable doubt. There was ample evidence apart from the accomplices' testimony to satisfy the corroboration requirement of CPL 60.22 (1). This included the defendant's presence at the house where the cocaine was sold, her physical presence on a bed immediately next to another portion of cocaine and other paraphernalia, and telephone company records verifying the calls that the accomplices claimed had been made to her residence. The corroboration requirement does not require independent proof of every element of the crime *(People v Daniels,* 37 NY2d 624, 629-630). It is sufficient that it "tends to connect the defendant to the crime so as to reasonably satisfy the jury" that the accomplices were telling the truth *(People v Glasper,* 52 NY2d 970, 971).

We have considered the defendant's remaining claims, including any alleged errors in the nature of the examination of witnesses or comments made by the prosecutor, and her claim that her sentence was unconstitutional as applied *(see, People v Broadie,* 37 NY2d 100, 119, *cert denied* 423 US 950), and

have found them to be without merit. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.