■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUCKETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered August 22, 1983, convicting him of escape in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues on appeal that the People failed to prove beyond a reasonable doubt that he was guilty of aiding and abetting the escape as charged in the indictment. Review of the record demonstrates that the defendant was guilty as a principal in the escape. Therefore, the court properly returned a guilty verdict notwithstanding the language of the indictment. For these purposes, there is no longer any distinction in the Penal Law between liability as a principal and criminal culpability as an accessory *(see, People v Duncan,* 46 NY2d 74, 79-80; *People v Warner,* 119 AD2d 841, 842; *People v Lewis,* 105 AD2d 758). All that is required is that the indictment give the defendant knowledge of the charges sufficient to prepare his defense *(see, People v Liccione,* 63 AD2d 305, 313, *affd* 50 NY2d 850; *People v Floyd,* 115 AD2d 248).

Nor do we find any merit to the defendant's contentions that he could not be guilty of escape in the first degree because he was being detained at the direction of the Division of Parole on a violation of parole and not pursuant to an order of the court, and, further, because he had not been charged with a felony. Penal Law § 205.15 (1) provides that:

"A person is guilty of escape in the first degree when:

"1. Having been charged with or convicted of a felony, he escapes from a detention facility".

Penal Law § 205.00 (1) defines a detention facility, *inter alia,* as "any place used for the confinement, pursuant to an order of a court, of a person (a) charged with or convicted of an offense". The Official Compilation of Codes, Rules and Regulations of the State of New York refines this definition further to include facilities which house parole violators (7 NYCRR 1.5 [i]) and specifically names the Queensboro Correctional Facility, from which the defendant escaped, as a detention facility (7 NYCRR 100.83 [b]). A defendant who is released on parole continues to be subject to the remaining portion of his sentence until the expiration of the maximum term *(see,* Penal

Law § 70.40 [1] [a]; Executive Law § 259-i [2] [b]). Thus, the defendant who is detained on a parole warrant is held pursuant to judicial fiat. Application of these principles to the facts of the case at bar clearly demonstrates that the defendant was guilty of escape in the first degree as defined by statute. Because the defendant continued to be subject to the terms of the sentence on the underlying felony conviction upon which the parole warrant issued, he had been convicted of a felony within the meaning of the statute (Penal Law § 205.15 [1]). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.