■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SARGENTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delin, J.), rendered May 20, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim that the testimony of his accomplice was uncorroborated and therefore did not suffice to sustain his conviction for the instant offenses. The record reveals that ample corroboration was supplied, *inter alia,* by the defendant's own admissions that he was present at the scene and participated in the acts which constituted the crimes, as well as by his statement to a plain-clothes detective concerning the amount of money which the latter had overpaid during their illegal narcotics transaction. Such independent evidence clearly sufficed to connect the defendant with the commission of the crimes in such a way as to reasonably satisfy the jury that the accomplice was telling the truth *(see, People v Bretti,* 68 NY2d 929, *rearg denied* 69 NY2d 900; *People v Tillotson,* 63 NY2d 731; *People v Camacho,* 128 AD2d 717; *People v Harris,* 126 AD2d 745, *lv denied* 69 NY2d 1004).

The defendant's remaining contention has not been preserved for appellate review and, in any event, is patently without merit *(see, People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910; *People v Warner,* 119 AD2d 841, *lv denied* 68 NY2d 760; *People v Floyd,* 115 AD2d 248, *lv denied* 67 NY2d 651; *People v Monahan,* 114 AD2d 380; *People v Liccione,* 63 AD2d 305, *affd* 50 NY2d 850, *rearg denied* 51 NY2d 770).* Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.