■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO DIAZ and LUIS RAMIREZ, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the County Court, Nassau County (Harrington, J.), both rendered September 2, 1986, convicting the defendant Diaz of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the seventh degree, and convicting the defendant Ramirez of criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the first degree, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendants' omnibus motions which were to suppress evidence.

Ordered that the judgments are affirmed.

A police undercover agent arranged to purchase a pound of cocaine from Hugo Torrez during the evening of November 29,

1985. After counting the agent's money, Torrez stated that he was going to get the cocaine. Members of the police narcotics squad watched him walk down the street to a gas station, where he made a telephone call. After 10 minutes, a van containing the appellants Leonardo Diaz and Luis Ramirez and a third individual came to the gas station and Torrez walked out to meet them. Specifically, Diaz stationed himself at the back of the van, where he stood, looking around, and Ramirez had a short conversation with Torrez at the side of the van. The driver of the van remained in it. Torrez then carried a bag to where the agent was waiting. Ramirez followed Torrez on foot, and Diaz reentered the van, which proceeded slowly down the street following Torrez toward the agent.

Torrez then entered the agent's car and presented him with a bag containing a white rocky substance, which the agent believed was cocaine. Subsequently, Torrez and the appellants were arrested. Also arrested was codefendant Jorge Marin who, at the time of his arrest, was driving the van.

We find no basis for disturbing the hearing court's finding that the police had probable cause to arrest the appellants (see, CPL 140.10 [1] [b]). Therefore, suppression of the packet of cocaine found in Diaz's jacket pocket upon his arrest was properly denied. Further, the hearing court properly found that Ramirez's statement that the cocaine did not belong to him, which was made by him upon his arrest, was spontaneous and not the product of police questioning.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellants' guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (CPL 470.15 [5]).

At the trial, Torrez testified against the appellants, giving details of each man's involvement in the sale. Contrary to the appellants' contention, the members of the police surveillance unit adequately corroborated Torrez's account (see, People v Donovan, 59 NY2d 834, 836; People v Camacho, 128 AD2d 717).

We have considered the appellants' remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.