■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD BANKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered October 16, 1984, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The appellant claims that his guilt was not proven beyond a reasonable doubt. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The appellant also claims that the court erred in its charge to the jury by failing to adequately define the concepts of accessorial liability and circumstantial evidence. However, neither claim of error is preserved for appellate review (CPL 470.05 [2]). In any event, the defendant's claims are without merit. The court correctly instructed the jury as to the definition of accessorial liability pursuant to Penal Law § 20.00. Furthermore, a "moral certainty" charge is not required where, as in the instant case, both direct and circumstantial evidence are employed to demonstrate a defendant's culpability *(see, People v Barnes,* 50 NY2d 375).

Finally, although the prosecutor's summation contained several improper remarks, reversal is not warranted under

the circumstances of this case *(see, People v Langert,* 105 AD2d 845). Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.