■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES RIVERA, Also Known as VITO RODRIGUEZ, Appellant.— Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered February 10, 1984, convicting him of murder in the second degree (two counts), robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions the court did not err by failing to charge the jury that two of the People's witnesses were accomplices as a matter of law. The two witnesses in question were admittedly part of the group that planned the instant robbery; however, they either voluntarily left the band or were excluded when the plans escalated to include kidnapping and ultimately murder. Their preparatory conduct gave rise only to a question of fact as to their accomplice status which the court correctly left for the jury's determination *(see, People v Vataj,* 69 NY2d 985; *People v Dorler,* 53 NY2d 831; *People v Basch,* 36 NY2d 154). Moreover, even assuming that these two witnesses were found to have been accomplices by the jury, their testimony was adequately corroborated by the testimony of a third witness to whom the defendant made inculpating admissions *(see, People v Sargente,*

133 AD2d 862). Clearly this corroborative evidence fairly and reasonably tended to connect the defendant with the commission of the instant crimes (see, People v Moses, 63 NY2d 299; People v Hudson, 51 NY2d 233, 238).

Furthermore, the court did not err by failing to instruct the jury that they had to find the defendant's guilt to a moral certainty. While there was significant circumstantial evidence of the defendant's guilt, his admissible inculpatory statements constituted direct evidence of his guilt (People v Rumble, 45 NY2d 879; People v Bolino, 146 AD2d 790), thus obviating the need for a circumstantial evidence charge (see, People v Barnes, 50 NY2d 375; People v Banks, 144 AD2d 370).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.