■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE CALABRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered November 2, 1988, convicting him of

rape in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the People failed to prove that he engaged in sexual intercourse with the complainant by "forcible compulsion", as defined in Penal Law § 130.00 (8) and as required by Penal Law § 130.35 (1). However, viewing the evidence in the light most favorable to the People *(see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant's testimony established that the defendant and his codefendant persuaded the complainant to accept a ride home in the defendant's car, but instead of driving her home, the defendant took her to a dark and deserted parking lot. There the defendant pushed her up against the side of the car and struggled with her to unzip her jeans, followed her back into the car, stripped her of her clothing, pushed her down on the back seat, pinned her arms to her side and engaged in sexual intercourse with her for approximately 10 minutes, ignoring the complainant's repeated protests and pleas to stop.

The defendant contends that the complainant's testimony was incredible as a matter of law. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Prochilo*, 41 NY2d 759). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further find that the conviction of the defendant of rape in the first degree was not repugnant to the acquittal of the codefendant on that count, which the indictment charged was committed by the defendant and codefendant, as "[e]ach aiding and abetting the other and acting in concert". Since the presence of another person is not an element of rape in the first degree, the court was free to find the defendant guilty based upon his liability as a principal rather than his criminal culpability as an accomplice, regardless of the language of the indictment *(see, People v Duncan*, 46 NY2d 74; *People v Duckett*, 130 AD2d 681).

Contrary to the defendant's contention, the denial by the

sentencing court of youthful offender status was not an improvident exercise of discretion. Because the defendant was convicted of rape in the first degree, he was not an "eligible youth" (CPL 720.10 [2] [a] [iii]), and because this case presented no "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]) and his role was far from "relatively minor" (CPL 720.10 [3] [ii]), the court properly denied youthful offender status.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.