**Reggie SMITH, Plaintiff–Appellant,**

v.

**Thomas A. COUGHLIN, III; K. Collyer, Sr., Counselor, b/s/a K. Collyen, Counselor, Defendants–Appellees.**

No. 1550, Docket 91–2085.

United States Court of Appeals, Second Circuit.

Submitted June 17, 1991.

Decided June 28, 1991.

Reggie Smith, pro se.

Robert Abrams, Atty. Gen., State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Martin A. Hotvet, Asst. Attys. Gen., State of N.Y., Albany, N.Y., for defendants-appellees.

Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.

PER CURIAM:

This is a *pro se* appeal from a judgment of the United States District Court for the Northern District of New York, Cholakis, J., entered on February 4, 1991, ordering that summary judgment be entered in favor of the appellees thereby dismissing Smith's claim for relief under 42 U.S.C. § 1983.

We affirm.

While we have concerns regarding the constitutionality of a blanket policy that keeps potentially important fact witnesses from testifying at prison disciplinary hearings, *see, e.g., Fox v. Coughlin*, 893 F.2d 475, 478 (2d Cir.1990); *Dalton v. Hutto*, 713 F.2d 75, 77–78 (4th Cir.1983); *Bartho-*

*lomew v. Watson*, 665 F.2d 915, 918 (9th Cir.1982), we agree with the district court that the named defendants are entitled to the protection afforded by the doctrine of qualified immunity. Smith asserts that by denying him the right to call a "neutral monitor" as a witness at his disciplinary hearing the appellees denied him his constitutional right to due process. While in general due process carries with it the right to call witnesses, that right is by no means absolute and indeed is subject to certain limitations, particularly in the context of a prison disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979–80, 41 L.Ed.2d 935 (1974). To pierce the shield of qualified immunity, the right alleged to have been violated must have been clearly established at the time the purported improper action was taken. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

A right is clearly established if "in light of preexisting law the unlawfulness [of the action taken is] apparent." *Id.* Here, at the time the appellees precluded the prison monitor from testifying, the legality of the New York Commission of Correction's policy of barring the testimony of such monitors had been determined to be reasonable by the New York courts. *People ex rel. Catapano v. Smith*, 115 A.D.2d 248, 495 N.Y.S.2d 856 (4th Dept.1985), *leave to appeal denied*, 67 N.Y.2d 604, 500 N.Y.S.2d 1025, 490 N.E.2d 1231 (1986). Thus, at the time the action was taken, the decision to preclude the monitor from testifying was objectively reasonable. *See Anderson*, 483 U.S. at 639, 107 S.Ct. at 3038–39; *see also Russell v. Coughlin*, 910 F.2d 75, 78 (2d Cir.1990).

We have considered Smith's other arguments and find them to lack merit.

Accordingly, the judgment of the district court is affirmed.