101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Wilfredo POLANCO, Plaintiff-Appellant,
v.
Lt. K. PIERCE, Donald Selsky, and Comm. Thomas A. Coughlin,
III, Defendants-Appellees.
 No. 95-2841.
 United States Court of Appeals, Second Circuit.
 May 22, 1996.
 
 Wilfredo Polanco, pro se, Pine City, NY.
 Peter H. Schiff, Deputy Solicitor General, Albany, NY.
 W.D.N.Y.
 AFFIRMED.
 PRESENT: LUMBARD, MESKILL and MINER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 4
 Plaintiff-appellant Wilfredo Polanco appeals pro se from a judgment of the United States District Court for the Western District of New York (Telesca, C.J.) granting summary judgment in favor of defendants-appellees Lt. K. Pierce, Donald Selsky, Director of Special Housing and Inmate Disciplinary Program for the New York State Department of Correctional Services, and Commissioner Thomas A. Coughlin, III (together, the "defendants").
 
 
 5
 In March of 1992, Polanco, an inmate at Southport Correctional Facility ("Southport"), was charged with threats and verbal harassment. A disciplinary hearing subsequently was held on these charges. The hearing convened on March 26th, and Polanco requested that two witnesses, inmate Manuel Hernandez and a corrections officer, be called to testify on his behalf. The hearing reconvened on the next day, and Polanco again requested that Hernandez be called as a witness. Pierce, however, stated that he would not call Hernandez as a witness because a written statement had been received from a legal assistant who had interviewed Hernandez. Polanco was found guilty of the charges, and was sentenced to 90 days' confinement in a Special Housing Unit ("SHU") and 90 days' loss of privileges.
 
 
 6
 Polanco subsequently brought an Article 78 proceeding in New York State Supreme Court, Chemung County. The state court found that Polanco improperly had been denied an inmate witness. The court determined that the legal assistant's notes were hearsay and did not amount to a written statement from Hernandez since they were not signed or verified by him. The court further found that the refusal to call a witness had not been related to the preservation of institutional safety or correctional goals. The court ordered the defendants to expunge all references to Polanco's disciplinary proceeding and to restore any good behavior credits that had been taken from him.
 
 
 7
 On June 17, 1994, Polanco commenced a 42 U.S.C. § 1983 action against the defendants in the district court. Polanco alleged, inter alia, that his due process rights under the Fourteenth Amendment were violated when he was not allowed to call Hernandez as a witness. Polanco also alleged that his confinement in the SHU constituted cruel and unusual punishment under the Eighth Amendment. Polanco and the defendants then moved for summary judgment. The defendants argued that Polanco's due process rights had not been violated, and they also raised the defense of qualified immunity.
 
 
 8
 On November 29, 1995, the district court granted summary judgment in favor of the defendants. The district court found, inter alia, that Polanco's due process rights were not violated by the denial of his request to call Hernandez as a witness because Pierce had determined that the testimony would be duplicative and that it would "create[ ] a risk to institutional security to have two inmates from the same Special Housing Unit facility gathered closely together in a small hearing room." This appeal followed.
 
 
 9
 On appeal, Polanco contends that the district court erred in finding that his due process rights were not violated by the defendants' failure to call a witness at his disciplinary hearing. We disagree. Even assuming that Polanco's freedom from confinement in the SHU constituted a liberty interest as defined by Sandin v. Connor, 115 S.Ct. 2293 (1995), and assuming that the defendants improperly excluded a witness from the disciplinary hearing, the defendants are protected from liability by qualified immunity.
 
 
 10
 In order to establish a qualified immunity defense, a public official must show: 1) "that the conduct of which the plaintiff complains falls within the scope of the defendant's official duties"; and 2) that the official's "alleged conduct did not violate one of the plaintiff's clearly established statutory or constitutional rights." Shechter v. Comptroller of New York, 79 F.3d 265, 268-69 (2d Cir.1996).
 
 
 11
 While prison officials may refuse a prisoner's request to call witnesses if "granting the request would be unduly hazardous to institutional safety or correctional goals," Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 (2d Cir.1991) (quotation omitted), in the present case Southport seems to have a blanket policy barring all inmate witnesses. We previously have expressed our "concerns regarding the constitutionally of a blanket policy that keeps potentially important fact witnesses from testifying at prison disciplinary hearings." Smith v. Coughlin, 938 F.2d 19, 19 (2d Cir.1991). In view of the unsettled status of the law concerning whether the defendants' exclusion of a witness from the disciplinary hearing violated Polanco's right to due process, it cannot be said that the defendants' conduct violated one of Polanco's clearly established rights. See id. at 20 ("A right is clearly established if in light of preexisting law the unlawfulness [of the action taken is] apparent." (alteration in original and quotation omitted)). Accordingly, the defendants are entitled to qualified immunity from Polanco's Fourteenth Amendment claim.
 
 
 12
 Polanco also argues that the conditions of his confinement in the SHU constituted cruel and unusual punishment under the Eighth Amendment. This contention is meritless. Polanco does not provide any evidence suggesting that the defendants acted with "deliberate indifference" to his health and safety. See Branham v. Meachum, 77 F.3d 626, 630 (2d Cir.1996) ("In the context of an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with 'deliberate indifference.' " (quotation omitted)). Accordingly, Polanco's confinement did not violate his rights under the Eighth Amendment.
 
 
 13
 We have considered Polanco's remaining contentions, and we find them all to be without merit.