■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL J. BAKER, Appellant. [778 NYS2d 328]—Lahtinen, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered December 2, 2002, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant was convicted, upon his plea of guilty, of the crime of sodomy in the first degree in relation to forcible acts he committed upon an 11-year-old victim (*see* Penal Law former 130.50 [1]).* His sole contention on this appeal concerns the legality of his sentence. In this regard, defendant claims that, inasmuch as he was a "youthful offender," he was improperly sentenced to 2 to 6 years' incarceration.

We disagree. Although defendant was undoubtedly a "juvenile

---

* Pursuant to recent amendments to, among other things, the Penal Law and the Criminal Procedure Law, effective November 1, 2003, Penal Law § 130.50 (1) is described as the crime of "criminal sexual act in the first degree" (L 2003, ch 264, § 20).

offender" (CPL 1.20 [42] [2]), in the absence of certain factual findings by County Court, he was ineligible for "youthful offender" treatment because he was convicted of the crime of sodomy in the first degree (CPL 720.10 [2] [a] [iii]). Although County Court stated, at defendant's sentencing, that it was sentencing defendant as a "youthful offender," we view this characterization as a simple misstatement. County Court correctly noted during the plea colloquy that defendant would be sentenced as a "juvenile offender" and the court made no findings, on the record, concerning mitigating circumstances or defendant's "relatively minor" participation in the acts charged (CPL 720.10 [3]). Indeed, based upon our review of the record, including defendant's allocution, we find that the sentence suffers from no infirmity (*see People v Serraño*, 309 AD2d 822, 822-823 [2003], *lv denied* 1 NY3d 580 [2003]; *cf. People v Fields*, 287 AD2d 577, 578 [2001], *lv denied* 97 NY2d 681 [2001]; *People v Calabro*, 157 AD2d 736, 738 [1990], *lv denied* 75 NY2d 964 [1990]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.