People v Moore (2024 NY Slip Op 01200)

People v Moore

2024 NY Slip Op 01200

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-07028
 (Ind. No. 627/17)

[*1]The People of the State of New York, respondent, 
v
Anum C. Moore, appellant.

Paul P. Martin, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Edan Benmelech of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered October 10, 2019, convicting him of criminal possession of a weapon in the second degree (two counts) and stopping, standing, or parking a vehicle in violation of posted restrictions, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested on an outstanding warrant. The vehicle that he was driving at the time of his arrest was impounded and searched pursuant to an inventory search, resulting in the recovery of a firearm. "'When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to reasonable police regulations relating to inventory procedures administered in good faith'" (People v Noble, 211 AD3d 970, 971-972, quoting People v Walker, 20 NY3d 122, 125 [internal quotation marks omitted]; see Colorado v Bertine, 479 US 367, 374). Here, the New York City Police Department Patrol Guide setting forth those procedures was admitted into evidence at a suppression hearing, and the evidence adduced therein established that the police complied with those procedures (see People v Lee, 29 NY3d 1119, 1120; People v Padilla, 21 NY3d 268, 273).
The defendant's contention that his convictions were not based upon legally sufficient evidence is not preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Calabro, 157 AD2d 736, 737; People v Duckett, 130 AD2d 681). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court