**STATE of Alaska, Appellant,**

v.

**Edward Leslie STORES, Appellee.**

**No. A–3240.**

Court of Appeals of Alaska.

July 26, 1991.

---

**3.** For the same reasons, the superior court's award of attorney's fees must be vacated.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

R. Scott Taylor, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

ANDREWS, Superior Court Judge.

Edward Leslie Stores, a parolee, was charged with second degree escape in violation of AS 11.56.310(a)(1)(B), for running away from the officer who arrested him for a parole violation. Stores filed a motion to dismiss the indictment, which was granted on the grounds that the escape statute did not apply in cases of parole arrests. The state appeals the order granting the dismissal of the indictment. We reverse.

On June 16, 1989, an officer from the Anchorage Police Department observed Stores in an alley. The officer approached Stores and asked his name and what he was doing. Stores identified himself and said he was looking for his girlfriend. The officer then drove away, but called dispatch for a warrants check on Stores. The officer was advised that a felony warrant had been issued on Stores for a parole violation. Stores was on parole after serving time on a burglary conviction.

The officer returned to the location where he had spoken to Stores, approached, and told Stores that he had a felony warrant for violations of conditions regarding burglary in the first degree.

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

Stores placed his hands on the hood of the car while the officer frisked him, but he ran away as the officer began handcuffing him. He was apprehended fifteen to twenty minutes later and charged with second degree escape.

Following the return of the grand jury indictment, Stores filed a motion to dismiss. Stores argued that he had not been arrested "for a felony"—as was required by the escape statute.[1] He claimed that he was arrested merely for a parole violation and therefore the escape statute did not apply to his actions.[2] The state opposed the motion and argued that Stores was arrested "for a felony" because he was detained pursuant to his underlying burglary conviction. The trial court concluded that the arrest for a parole violation was not "for a felony", stating that:

> I think that the statute requires ... that the person remove himself from official detention for a felony. And I agree with [defense counsel's] reasoning that it's too attenuated to say what they really mean is for the original felony. Here he was not being arrested for—was a burglary the original charge. That simply wasn't what he was being arrested for. He was arrested because the officer radioed and found out there was a parole warrant out for him. That's what he was being held for. That is not a felony.

The court went on to note that there are four different degrees of escape, each with a different sentence, based on whether the underlying offense was a felony or misdemeanor.

> [The legislature] knew enough to distinguish between felony and misdemeanors. Felony [has] a distinct definition in the statutes that simply doesn't fit here. There's no sentence to be imposed here and it seems quite clear that the legislature was not contemplating arrest on

parole or even probation warrants. So I think the motion is well taken.

Additionally, the judge found that AS 11.56.310(a)(1)(B) was unconstitutionally vague. Accordingly, the court granted the motion to dismiss the indictment.

The state now appeals the trial court order dismissing the indictment, arguing that the court misconstrued the meaning of the second-degree escape statute and that Stores was properly charged with escape. The state contends that the phrase "official detention for a felony", means "in connection with a felony". Based on this definition, the state argues that Stores was arrested in connection with his burglary conviction and therefore, was properly charged with escape when he ran away from the arresting officer.

The state asserts that the four classifications of escape are based on the seriousness of the underlying offense, and that arrests for parole and probation violations fall within these classifications because arrests relate to prior convictions. The state also points out that if the trial court's interpretation of the statute is correct, then there is essentially no punishment under Alaska law for a parolee who unlawfully departs from an arrest pursuant to a parole violation. The state argues that such an interpretation is unreasonable. We agree.

An analysis of principles and goals of parole leads us to conclude that the escape statute covers the act of removing oneself from detention based on parole arrest warrant. The intent and purpose of parole was explained by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In that case the Court stated that:

> [r]ather than being an *ad hoc* exercise of clemency, parole is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals

---

1. Stores was charged with second-degree escape as set forth in AS 11.56.310. The statute provides:

    *Escape in the second degree.* (a) One commits the crime of escape in the second degree if, without lawful authority, one
    (1) removes oneself from

     . . . .
         (B) official detention for a felony or for extradition. . . .

2. The trial court found that Stores was in "official detention", a finding which neither party appears to contest.

reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed.

.     .     .     .     .

The enforcement leverage that supports the parole conditions derives from the authority to return the parolee to prison to serve out the balance of his sentence if he fails to abide by the rules. *Id.* at 477, 92 S.Ct. at 2598. While the Court recognized that the parolee is entitled to more rights than an incarcerated prisoner, parole will be revoked if the parolee fails to live up to parole conditions. *Id.* at 494–95, 92 S.Ct. at 2606–07.

Alaska's parole scheme, AS 33.16.010.-900, comports with the Supreme Court's explanation in *Morrissey.* Before serving the full prison term, a prisoner is to be released on either discretionary or mandatory parole. If a prisoner is not released on discretionary parole, the parole board must release the prisoner on mandatory parole for the period of good time earned. AS 33.16.010(c). The parole board retains custody of the parolee until the expiration of the maximum term of the parolee's sentence. AS 33.16.200. Once released, the parolee is subject to parole conditions, and the parole board may revoke parole if any condition is violated. AS 33.16.010(d); AS 33.16.150; AS 33.16.220(a). When there is probable cause to believe that a parole condition has been violated, the parole board has the authority to issue a warrant for the parolee's arrest. AS 33.16.240(b). A peace officer will then execute the warrant, arrest the parolee, and confine the parolee to a correction facility pending a revocation hearing. AS 33.16.250(a). Upon reincarceration, however, the convict serves the remainder of the sentence, and the time served in a correction facility pending the revocation proceeding is credited toward the offender's unexpired term of imprisonment. AS 33.16.240(f).

█ Clearly, under the Alaska parole statute, a parolee does not shed the status of "convict" or "prisoner". When released, the circumstances of the parolee's sentence have merely been varied—from incarcera-tion to supervised liberty—in order to facilitate rehabilitation. The parolee remains within the grasp of the correctional system throughout the parole period, and the parole board retains the power to reincarcerate offenders when probable cause exists that a parole condition has been violated. After such a valid arrest, the parolee is immediately delivered to a detention facility to continue serving the original sentence.

This interpretation comports with the ruling of courts in other states that have dealt with this issue. *See e.g. People v. Duckett,* 130 A.D.2d 681, 516 N.Y.S.2d 17 (1987); *State v. Perencevic,* 54 Wash.App. 585, 774 P.2d 558 (1989); *State v. Solis,* 38 Wash. App. 484, 685 P.2d 672 (1984). In *Solis,* the defendant removed himself from custody when arrested for a parole violation. The Washington escape law, RCW 9A.76.110(1), provided:

> A person is guilty of escape in the first degree if, being detained pursuant to a conviction for a felony or an equivalent juvenile offense, he escapes from custody or a detention facility.

*Solis,* 685 P.2d at 673. The court considered the fact that under Washington law a parole officer has the authority to cause the arrest, detention, and suspension of the parole of the parolee. *Id.* The court noted that the parole officer had issued a warrant and a suspension of parole order, and concluded that "suspension of his parole effectively reinstated his prior felony conviction and upon arrest he would have been held pursuant to the conviction pending an on-site hearing." *Id.* For this reason, the court ruled that the parolee committed an escape pursuant to the statute.

In *Perencevic,* the Washington court addressed the question in the probation context. Perencevic, a probationer being detained in jail on warrants for probation violations arising out of his prior felony convictions, tried to dig his way out of his jail cell. *Perencevic,* 774 P.2d at 558–59. When Perencevic was charged with attempted escape, he argued that he was not being "detained pursuant to a conviction of a felony" because the warrant alleged probation violations on convictions for which

he had already served his prison sentence. *Id.* at 559. The court ruled, however, that:

[t]he warrants arose out of Perencevic's prior felony convictions. The warrants also related to the punishment or sentence he received on his felony convictions because they were issued due to his failure to complete certain requirements of community supervision which are as much a part of the punishment and sentence as detention time. Because there was a causal relationship between the warrants and the prior felony convictions, we hold that Perencevic's detention for his alleged supervision violation was "pursuant to a conviction of a felony."

*Id.* at 560 (footnote omitted). Thus, the court found that Perencevic had "escaped".[3]

In a similar New York case, the defendant was being held in a detention facility for a violation of parole, when he departed from the facility. *Duckett*, 516 N.Y.S.2d 17. Duckett was subsequently caught and charged with escape under a New York statute that provided: "A person is guilty of escape in the first degree when (1) having been charged with or convicted of a felony, he escapes from a detention facility." *Id.* at 18. The court concluded that:

a defendant who is released on parole continues to be subject to the remaining portion of his sentence until the expiration of the maximum term. Thus, the defendant who is detained on a parole warrant is held pursuant to judicial fiat.... Because the defendant continued to be subject to the terms of the sentence on the underlying felony conviction upon which the parole warrant issued, he had been convicted of a felony within the meaning of the statute.

*Id.* (citations omitted).

■ Based on the goals of parole as stated by the United States Supreme Court and embodied in the Alaska parole statutes, as well as the rulings of other courts, it is clear that Stores remained subject to all the terms of his burglary sentence, including the terms and conditions of mandatory parole. His parole violation triggered parole revocation and an immediate reinstatement of the maximum prison term, requiring him to resume service of the burglary sentence.

■ The trial court erred in ruling that the underlying burglary was "too attenuated" to support the escape charge. Rather, the burglary was the direct source of the arrest. Therefore, we hold that the term "official detention for a felony" in the second-degree escape statute was intended to encompass detention based on parole warrants for parole violations.

This interpretation of the statute also agrees with the plain meaning. A felony is defined by the statute as a crime punishable by more than one year of imprisonment. AS 11.81.900(b)(19). The term "for a felony", however, is not defined in the statute. This court must first look to the dictionary definition for the plain meaning. *Michael v. State*, 767 P.2d 193, 197 (Alaska App. 1988). According to Webster's Dictionary, the word "for" means "with regard to; regarding; concerning." *Webster's New World Dictionary* at 545 (2d ed. 1980). The word "for" connotes the end with reference to which anything is, acts, serves, or is done. In consideration of which, in view of which, or with reference to which, anything is done or takes place. *Black's Law Dictionary* at 580 (6th ed. 1990).

According to these sources, a fair definition of the term "for a felony" is "in reference to" a crime that is punishable by more than one years' imprisonment. This is a

---

**3.** Stores argues that the state's reliance on *Solis*, 685 P.2d 672, and *Perencevic*, 774 P.2d 558, is misplaced because the Washington law specifically defines escape as "detained pursuant to a felony conviction". He concludes that because the words "felony conviction" are absent from the Alaska escape statute, the Washington and Alaska statutes are not analogous with regard to removals from detentions for felony convic-

tions. Thus, the Washington courts' analyses are inapplicable to his case.

His argument is without merit. The statutory history demonstrates, that although the Alaska and Washington statutes are worded differently, the Alaska legislature intended the escape statute to have the same meaning given the Washington statute by the Washington courts. *See infra* at n. 4.

broad definition, which suggests that the statute was intended to cover a wide variety of cases and situations, including detentions for both felony convictions and felony charges.

■ However, this court should not automatically apply the plain meaning without first examining the statutory history of the provision to determine whether ambiguity exists. *Alaska Public Employees Association v. Fairbanks*, 753 P.2d 725, 727 (Alaska 1988). Despite the fact that the history of the escape statute is somewhat complicated, we conclude that no ambiguity exists as to the core meaning of the statute. It is intended to apply to those who abscond from detention for a felony. It is a felony, whether the person is detained for a felony that has not yet been charged, or a felony that has been formally charged or for a felony on which a conviction has been entered.[4]

■ There being no ambiguity created by the statutory history of the escape law, we adopt the plain meaning. Second-degree escape may be charged when a person departs from detention while held for a felony conviction, which in this case is the burglary conviction on which Stores had been paroled.

Finally, Stores argues that criminal statutes are to be construed strictly. How-

**4.** From 1957 until 1976, Alaska law expressly defined escape in terms of escape from detention based on felony charges and convictions. The statute was amended in 1976. Former AS 11.30.090. *See* Commentary on the Revised Criminal Code, Senate Journal Supp. No. 47 at 77, 1978 Senate Journal 1399. The drafters later stated:

> During the 1976 legislative session, the escape statute was substantially amended and the new crime of unlawful evasion was adopted. Escape, AS 11.30.090, was divided into three degrees.... Punishment for escape was set at imprisonment for from 3 months (AS 11.30.095(c)) to 5 years (AS 11.30.095(a)).

The *authorized term depended on such factors* as whether the escapee had committed a felony or a misdemeanor and whether the escapee possessed a deadly weapon. *Id. See also* Commentary on the Alaska Criminal Code Revision Part IV, at 46–47 (Tent.Draft 1977).

Although not mentioned in the comments, the 1976 legislature omitted the phrase "or a conviction of a felony" that had appeared in the former definition. Under the new law, the pertinent portion of the first-degree escape provision defined escape only as a removal from official detention if "the official detention is on a charge of a felony." Former AS 11.30.090(b)(1). However, because the omission of the phrase "for a felony conviction" was not mentioned by the drafters as one of the significant amendments, it is safe to conclude that even though the legislature omitted the term, they did not intend to exclude the phrase "for a felony conviction" from the definition of escape. *See Beckman v. State*, 689 P.2d 500, 503 (Alaska App.1984) (where the probationary release exception was eliminated in the revised escape statute, this court concluded that the release exception remained in force even though it was not explicitly stated).

In 1978, the criminal code was revised again. In the 1978 code, as in the 1976 version, second-degree escape was defined as removal from "official detention" if official detention was "on a charge of a felony." Felony convictions were not mentioned. Despite the exclusive use of the phrase "on the charge of" throughout the pertinent provision of the statute and the absence of the term "conviction", the commentary to the tentative draft suggests that a broader meaning of escape was intended, *i.e.* one that included detentions for both charges and convictions. The comments explained:

> Conduct of this nature would include an escape from a courtroom by a convicted misdemeanant prior to being transported to a correctional facility. It would also include the escape by a person who is confined in a correctional facility while he is being transported incident to that confinement, *e.g.*, transportation to a dentist. If a felon escapes under such circumstances he has committed escape in the second degree, TD AS 11.56.-310(1)(A), a class B felony.

Commentary on the Alaska Criminal Code Revision Part IV, at 48–49 (Tent.Draft 1977). This comment demonstrates that although the statute only mentioned persons detained "on charges" for misdemeanors and felonies, the legislature intented to include individuals who had escaped while detained on charges as well as for convictions of crimes.

Finally, in 1980, the definition of escape was amended to its present form. Second-degree escape was defined even more simply than in the previous statutes—as removal from detention "for a felony." We have previously found that the substitution of the words "for a felony" in place of "under the charge of a felony" was not intended to alter the original meaning, but was to make clear that the escape charge could apply when a person was arrested for a crime but not formally charged. *Maynard v. State*, 652 P.2d 489, 490 n. 1 (Alaska App.1982). *See also Jacobson v. State*, 786 P.2d 388, 392 (Alaska App.1990). Commentary to the Alaska Revised Criminal Code, Senate Journal Supp. No. 44 at 13, 1980 Senate Journal 1436.

ever, because this statute is not ambiguous, strict construction is not called for here. Furthermore, the court is not required to give statutes the narrowest meaning allowed by the language. *Jones v. State*, 750 P.2d 828, 831 (Alaska App. 1988). Rather, common sense must be used to resolve questions of statutory interpretation. *Id.*

Here, common sense indicates that an escapee who has been convicted of a crime is a greater threat to the public than an escapee who has been charged with, but not convicted of a crime. The legislature, therefore, has a greater interest in punishing convicts who escape custody than in punishing alleged offenders who escape. Under Stores' view of the statute, however, the legislature must have intended to impose criminal liability on alleged offenders, while eliminating criminal liability for convicted offenders. Furthermore, under Stores' interpretation, a parolee who escapes after being arrested for a parole violation could never be charged with escape. There is little doubt that the legislature intended neither of these results. For, this reason, we reject Stores' arguments as illogical because they fail to consider the obvious goals of the legislature.[5]

 The trial court alternatively found that AS 11.56.310(a)(1)(B) was unconstitutionally vague because Stores lacked adequate notice that his conduct was prohibited. The escape statute can be deemed void for vagueness only if the language of the statute fails to give adequate notice of conduct that is prohibited or if the imprecise language encourages arbitrary law enforcement. *Summers v. Anchorage*, 589 P.2d 863, 867 (Alaska 1979). In this case, however, the statute prohibits removals from official detention for felonies. The

language is broad enough to permit Stores to understand that when he was placed under arrest by a police officer the act of running away was prohibited and would subject him to further criminal liability.

The judge's ruling that the statute was unconstitutionally vague was incorrect because it was based on the fact that she and two lawyers at Stores' motion hearing interpreted the statute differently. This was not the proper standard to apply. The fact that opposing lawyers disagreed on the constitutionality of a statute is probably the norm rather than the exception. We conclude that the judge erred in finding that the escape statute was unconstitutionally vague.

The order dismissing the indictment is REVERSED.

MANNHEIMER, J., not participating.

---

5. The trial court ruled that because the four degrees of escape are classified by the type of underlying crime, the legislature intended to distinguish parole and probation arrests by excluding them from the statute. However, the apparent purpose of the classification is simply to establish the appropriate degree of escape to be charged and the period of incarceration to be imposed.

The comments to the tentative draft bear this out. In discussing the range of the terms of

incarceration for escape, the commentators explained that under the 1976 statute, the authorized term of imprisonment depended on "such factors as whether the escapee had committed a felony or misdemeanor and whether the escapee possessed a deadly weapon." Comments on Alaska Criminal Revision Code Part III, at 46 (Tent.Draft 1977). Clearly, the term "for a felony" is a qualifying term which gauges the appropriate degree of the offense to be charged and the appropriate punishment.