**Michael A. THIESSEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4343.**

Court of Appeals of Alaska.

Jan. 8, 1993.

Joe P. Josephson, Anchorage, for appellant.

David G. Berry, Asst. Dist. Atty., Kenneth J. Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

MANNHEIMER, Judge.

Following a jury trial in the Palmer district court, Michael A. Thiessen was convicted of attempted third-degree sexual abuse of a minor (attempted sexual contact with a minor 13, 14, or 15 years old), AS 11.41.438(a). Thiessen appeals his conviction, arguing that the third-degree sexual abuse of a minor statute does not cover his

attempted assault because his victim was only 11 years old. We affirm.

Under AS 11.41.438(a)(1), a person commits the crime of third-degree sexual abuse of a minor if, being at least 16 years of age,

> the offender engages in sexual contact with a person who is 13, 14, or 15 years of age and at least three years younger than the offender.

In this case, it is undisputed that Thiessen's victim was 11 years old at the time of the attempted assault. An act of sexual contact with a child under the age of 13 is the next higher degree of offense, second-degree sexual abuse of a minor. AS 11.41.-436(a)(2). Thiessen's conduct therefore constituted attempted second-degree sexual abuse. The State nevertheless chose not to prosecute Thiessen for attempted second-degree sexual abuse of a minor. Instead, the State charged Thiessen with the lesser crime of attempted third-degree sexual abuse of a minor.

At the close of the State's case, Thiessen asked District Court Judge Peter Ashman to grant him a judgement of acquittal on the ground that the 11–year–old victim was not within the range of ages ("13, 14, or 15 years of age") specified in the third-degree sexual abuse statute. Judge Ashman denied Thiessen's motion, relying on AS 11.-81.615. The pertinent portion of this statute provides:

> **Offenses defined by age[.]** Whenever a provision of law defining an offense requires a determination of the age of the victim ..., it is not a defense to the lowest class of offense established by the evidence that the age of the victim is less than the age which would make the offense a higher class of offense ..., and a person may be charged and convicted accordingly.

Judge Ashman interpreted AS 11.81.615 to mean that, if a defendant commits sexual abuse upon a victim who is younger than the age range specified in the statute, this is not a defense.

Thiessen argues that, because of the way the legislature has defined the various degrees of sexual abuse of a minor, AS 11.81.615 does not apply to these crimes. He notes that AS 11.81.615 is worded so as to allow a defendant to be convicted of "the lowest class of offense established by the evidence" even though the evidence might prove a higher degree of offense. Relying upon this wording, Thiessen contends that this statute applies only when the evidence discloses two or more possible offenses.

Thiessen notes that, between second-degree sexual abuse and third-degree sexual abuse, there is no overlap. Second-degree sexual abuse covers sexual contact with a child 12 years old or younger, while third-degree sexual abuse covers a child 13, 14, or 15 years old. Thiessen argues that, because these crimes are apparently mutually exclusive once the victim's age is ascertained, only one degree of offense can conceivably be "established by the evidence" when the victim's age is not disputed. In Thiessen's case, no one disputed that the victim was 11 years old. Thus, Thiessen concludes, AS 11.81.615 cannot apply to his case.

We reject Thiessen's suggested interpretation of AS 11.81.615 because it would render the statute all but meaningless. In four instances, Title 11 specifies different degrees of crime for the same conduct, depending upon the age of the victim: (1) sexual abuse of a minor, AS 11.41.434—440; (2) indecent exposure, AS 11.41.460; (3) promotion of prostitution, AS 11.66.-110(a)(2) and AS 11.66.130(a)(2); and (4) misconduct involving controlled substances, AS 11.71.010—050. Under Thiessen's interpretation of AS 11.81.615, the statute would apply only to the controlled substance offenses.

The sexual abuse of a minor statutes create two degrees of offense for sexual penetration and two degrees of offense for sexual contact. For each type of abuse, the degree of offense depends on whether the child is (a) under 13 or (b) at least 13 but younger than 16.[1] Indecent exposure

---

1. Sexual penetration: AS 11.41.434(a)(1) and AS 11.41.436(a)(1). Sexual contact: AS 11.41.-

also has two degrees of offense, depending on whether the victim is (a) under 16 or (b) over 16.[2] In the same manner, the promotion of prostitution statutes provide two degrees of offense for the act of inducing someone else to become a prostitute, depending on whether the victim is under or over 16.[3] If Thiessen's construction of AS 11.81.615 were correct, the statute would not apply to any of these offenses because the defined age ranges do not overlap.

The controlled substance offenses do in fact define different degrees of crime in overlapping terms: sale or delivery of a controlled substance to a buyer of unspecified age is one degree of crime, while sale or delivery of the same substance to a person under 19 is a higher degree of crime.[4] However, these drug offenses were not included in Title 11 when the legislature enacted AS 11.81.615 and the rest of the present criminal code. Drug offenses were formerly part of Title 17; the legislature added them to Title 11 in 1982. *See* § 2 ch. 45 SLA 1982.

Thus, in three of the four instances where Title 11 distinguishes the degree of offense based on the victim's age, the defining age groups are discrete. The victim can be a member of either the younger age group or the older age group, but not both. If AS 11.81.615 were interpreted as Thiessen suggests (that is, were the statute to apply only when the defining age groups overlap), the statute would not cover these three groups of offenses.

It is perhaps more telling that, when the legislature passed AS 11.81.615 in 1978 as part of its revision of Alaska's criminal code, the newly revised Title 11 contained only two types of crime that distinguished the grade of offense on the basis of the victim's age. These were the promotion of prostitution statutes, AS 11.66.110(a)(2) and AS 11.66.130(a)(2), and the predecessors to the current sexual abuse of a minor statutes—sexual penetration: former AS 11.-41.410(a)(3) and former AS 11.41.440(a)(1); sexual contact: former AS 11.41.440(a)(2), and former AS 11.51.130(b). These statutes distinguished grades of offense in terms of non-overlapping age ranges. If the legislature had intended AS 11.81.615 to be read as Thiessen suggests, then that statute would not have applied to any criminal offense at the time it was passed. Because of this, Thiessen's interpretation does not seem plausible.

■ Any single statute must be interpreted in light of the whole statutory framework. *Lake v. Construction Machinery, Inc.*, 787 P.2d 1027, 1030 (Alaska 1990); *Hafling v. Inlandboatmen's Union of the Pacific*, 585 P.2d 870, 878 (Alaska 1978); *Hotel, Motel, Restaurant, Construction Camp Employees & Bartenders Union, Local 879 v. Thomas*, 551 P.2d 942, 944–45 (Alaska 1976). Moreover, a court is obliged to avoid construing statutes in a way that leads to patently absurd results or to defeat of the obvious legislative purpose behind the statute. *Sherman v. Holiday Construction Co.*, 435 P.2d 16, 19 (Alaska 1967); *Wylie v. State*, 797 P.2d 651, 657 (Alaska App.1990); *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App. 1981).

Given the current structure of Title 11, and given the structure of Title 11 in 1978 when AS 11.81.615 was promulgated, we are convinced that the legislature intended AS 11.81.615 to authorize a court or jury to convict a sexual offender of a lesser degree of offense despite the fact that the evidence reasonably (or even convincingly) demonstrates that the defendant committed

---

436(a)(2) and AS 11.41.438(a).

  We leave aside those cases in which the offender stands in a position of authority over the victim.

**2.** AS 11.41.460(b).

**3.** AS 11.66.110(a)(2) and AS 11.66.130(a)(2).

**4.** Sale or delivery of a class IA substance: AS 11.71.010(a)(1) and AS 11.71.020(a).

Sale or delivery of a class IIA or IIIA substance: AS 11.71.010(a)(2) and AS 11.71.-030(a)(1).

Sale or delivery of a class IVA or VA substance: AS 11.71.030(a)(2) and AS 11.71.-040(a)(1).

Sale or delivery of a class VIA substance: AS 11.71.030(a)(2) and AS 11.71.050(a)(1).

a greater degree of offense because the victim was younger than alleged. Therefore, the district court correctly denied Thiessen's motion for judgement of acquittal.

The judgement of the district court is AFFIRMED.