Ronald LIPSCOMB, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4831.

Court of Appeals of Alaska.

Feb. 25, 1994.

Andrew Lambert, Asst. Public Advocate and Brant McGee, Public Advocate, Anchorage, for appellant.

Richard W. Maki, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS, J., and WOLVERTON, District Court Judge *.

*OPINION*

COATS, Judge.

On July 16, 1983, Ronald Lipscomb was convicted of robbery and failure to appear. He was sentenced to fifteen years of imprisonment with five years suspended. The court imposed a five year period of probation.

Following release on mandatory parole in 1989, and parole revocation in 1990, Lipscomb was again released on mandatory parole on February 20, 1992. Under the conditions of both parole and probation, Lipscomb was required to report regularly to a probation/parole officer and to abide by various restrictions. Shortly after his release from prison in February 1992, Lipscomb phoned his Anchorage probation officer, Sarah

* Sitting by assignment made pursuant to article   IV, section 16 of the Alaska Constitution.

Williams, from Fairbanks. Lipscomb asked that he be permitted to move to Fairbanks. Williams instructed Lipscomb to report to Fairbanks probation officer Joe Anderson on the next day. Lipscomb did not report as instructed. Lipscomb then left the state.

On October 26, 1992, the parole board revoked Lipscomb's parole. On May 5, 1992, the State of Alaska filed a petition to revoke Lipscomb's probation. On January 29, 1993, Superior Court Judge Rene Gonzalez revoked Lipscomb's probation for failure to report to the Fairbanks probation office. Judge Gonzalez imposed the five-year term of Lipscomb's sentence that had previously been suspended.

Lipscomb appeals, contending that Judge Gonzalez could not revoke his probation under AS 33.20.040(c) because he was not on probation at the time of his violation. Lipscomb also contends that it was unfair to revoke his probation because he did not have notice that he was on probation or that he was required to follow the conditions of his probation. He also contends that imposition of the five-year term constituted an excessive sentence.

■ It is necessary to discuss the statutory history of AS 33.20.040(c) in order to understand Lipscomb's contention that he was not actually on probation at the time he was charged with violating probation. Prior to 1985, Alaska statutes were silent as to whether parole time should run concurrently or consecutively to probation time. In 1985, the legislature passed AS 33.20.040(c), which provided:

> If a prisoner's sentence includes a residual period of probation, a prisoner released under AS 33.20.030 shall immediately begin serving the residual probationary period, except that **if mandatory parole is required under (a) of this section, serving the probationary period shall immediately follow discharge from parole.**

Ch. 88, § 4, SLA 1985.

In 1987, the legislature amended AS 33.-20.040(c) to provide for the concurrent running of mandatory parole and probation time. Ch. 77, § 9, SLA 1987. The amended statute provides:

> If a prisoner's sentence includes a residual period of probation, the probationary period shall run concurrently with a period of mandatory parole for that sentence and the prisoner shall be under the concurrent jurisdiction of the court and the parole board. Nothing in this section precludes both the court and the parole board from revoking the prisoner's probation and mandatory parole for the same conduct.

The 1987 amendment to AS 33.20.040(c) was part of a broader legislative package designed to reduce the workload of overburdened parole and probation staff to allow more time for supervision of the most serious offenders. The legislation achieved this goal by limiting the number of prisoners required to serve mandatory parole, and by providing for the concurrent service of mandatory parole and probation.[1]

After the amendment was passed, the parole board sought advice from the Department of Law regarding application of the new law. Specifically, the parole board sought guidance as to which prisoners and parolees were covered by the amended statutes and which were covered by the former statutes.

On December 8, 1987, the Department of Law issued an opinion concluding that general saving statute AS 01.10.100(a), required the amendment be applied only to those persons *committing crimes* after the effective date of the bill (September 13, 1987).[2] Prior

---

1. Under the former law, prisoners who had served a minimum of 181 days were required to serve mandatory parole. The new legislation limited that requirement to those prisoners who had served a minimum of two years, thus limiting parole supervision to those offenders who had committed more serious crimes.

2. AS 01.10.100(a) provides:

> **Effect of repeals or amendments.** (a) The repeal or amendment of a law does not release or extinguish any penalty, forfeiture, or liability incurred or right accruing or accrued under that law, unless the repealing or amending act so provides expressly. The law shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of the right, penalty, forfeiture, or liability.

to the issuance of this opinion, the parole board had been applying AS 33.20.040(c) (1987) to those prisoners *released* on or after September 13, 1987.

On February 8, 1988, counsel for the Legislative Affairs Agency informed the bill's sponsor, State Representative C.E. Swackhammer, that AS 33.20.040(c) (1987) lacked effective date language, and that the legislature could only "set aside the effect of the [Department of Law] opinion by clarifying legislative intent. . . ." in a supplementary bill.

Also on February 8, the Executive Director of the Alaska Board of Parole wrote to Representative Swackhammer regarding the application of AS 33.20.040(c) in its amended form:

> On December 10, 1987, we received the Department of Law's opinion indicating we could only apply HB 140 to those prisoners whose crimes were committed on September 13, 1987 or thereafter. . . . We strongly support an amendment that would allow the immediate application of HB 140 to everyone *released* September 13, 1987 or thereafter.

(Emphasis added).

In response to the Department of Law opinion, the legislature passed effective date legislation for AS 33.20.040(c) on February 10, 1988. The legislation stated:

> The provisions of . . . 33.20.040(c), as amended [in 1987], apply to prisoners *incarcerated* on or after September 13, 1987, irrespective of the law in effect at the time the prisoner committed the offense for which the prisoner was incarcerated.

Ch. 47, §§ 1–2, SLA 1988 (emphasis added).

Lipscomb argues that it is unclear whether he is covered under the 1985 act (with probation running consecutively after parole) or the 1987 act (probation and parole running concurrently), because the term "incarcerated," as used in ch. 47, §§ 1–2, SLA 1988, is ambiguous. Lipscomb contends that the term "incarcerated" can refer either to a period of incarceration—Mr. Smith is currently incarcerated for assault—or to the act of incarceration—Mr. Smith is hereby incarcerated for six months for assault. Lipscomb concludes, therefore, that the term "incarcerated" could apply to those inmates *in jail* on or after September 13, 1987, or to those inmates *sentenced* to prison on or after September 13, 1987.[3]

Lipscomb further claims that the foregoing ambiguity must be construed strictly against the government. *State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985), *aff'd* 723 P.2d 85 (Alaska 1986). He contends that we should construe the statute to mean that he was on parole and not probation at the time of his violation. Lipscomb concludes that, since he was not on probation, Judge Gonzalez could not have revoked his probation and imposed the five-year portion of Lipscomb's sentence that had previously been suspended.

The state contends that, considering the legislative history of the statute, it is clear that the legislature intended AS 33.20.040 to apply to all prisoners released on or after September 13, 1987. The state cites *De Nardo v. State,* 819 P.2d 903, 907 (Alaska App. 1991), where we stated that the rule of strict construction of criminal statutes "comes into play only when, after employing normal methods of statutory construction, the legislature's intent cannot be ascertained or remains ambiguous." *See also State v. Jones,* 750 P.2d 828, 831 (Alaska App.1988) and *Belarde v. Anchorage,* 634 P.2d 567, 568 (Alaska App.1981) (although criminal statutes are generally construed strictly, they should nevertheless be given a reasonable or common sense construction, consistent with the objectives of the legislature). The state also points out that its interpretation of the statute, allowing prisoners to serve their probation and parole concurrently rather than consecutively, would favor most prisoners by reducing the amount of time that a prisoner is subject to supervision.

The legislation establishing the effective date of AS 33.20.040 is ambiguous on its face. We question whether the legislative history is sufficiently clear to have given Lipscomb

---

**3.** There are actually four separate events to which the effective date legislation might apply: 1) the date the prisoner committed the offense, 2) the date the prisoner was sentenced, 3) the date the prisoner first went to jail, or 4) the date the prisoner was released on parole.

adequate due process notice that he was on probation. Under the circumstances, we are reluctant to construe the statute in a way that would result in actual prejudice to Lipscomb. We accordingly conclude that the court could not have revoked Lipscomb's probation under AS 33.20.040.

■ Despite the ambiguity in the statutory language, we think that the most plausible intent of the statute is to require concurrent probation and parole for all persons released after its effective date. We also agree with the state that this interpretation tends to favor prisoners in a vast majority of cases. Accordingly, we adopt the state's interpretation of AS 33.20.040 prospectively from the date of this decision. This opinion should clarify the ambiguity by providing notice that the statute applies to all prisoners who are released from incarceration on or after September 13, 1987. By deciding the case in this manner, we carry out what appears to be the intent of the legislature without any unfairness to Lipscomb.

REVERSED and REMANDED.